4 WS 305
28 SC 510

# Devall *against* Burbridge.

It is the duty of an agent to give his principal timely notice of every fact or circumstance which may make it necessary for him to take measures for his security : and if he fail to do so, it is a dereliction of duty for which he is chargeable.

ERROR to the Common Pleas of *Greene* county.

William Devall against James W. Burbridge. This was an action on the case; founded upon the alleged misfeasance and negligence of the defendant, in the capacity of agent of the plaintiff. The case is sufficiently stated in the opinion of the court.

*Deford*, for plaintiff in error, cited 7 *Watts* 39; 6 *Whart.* 9; 10 *Watts* 104; 6 *Watts* 240.

*Waugh*, contra, cited *Gow on Part.* 103; 9 *Serg. & Rawle* 241; 1 *Binn.* 191.

[Devall v. Burbridge.]

The opinion of the Court was delivered by

GIBSON, C. J.—As the cause was decided by the court on the plaintiff's evidence, we must take for granted every fact which the jury might have found in his favour; and view the case, as it was viewed below, in the light of a demurrer to evidence. But there was little discrepance in the testimony; and the facts directly sworn to, without resorting to inferences, are enough to rule the cause. The plaintiff and defendant were joint owners, with others, of a steamboat, which began to ply in 1839, and which had cost $8000, in shares of $500 each. Early in 1840, the defendant applied to one of the other stockholders for the management of his stock, saying he had obtained an agency from the plaintiff and others, which gave him a controlling power, and he intended to keep it. The boat was accordingly put under his direction, and made a few trips without much, if any, success; and was eventually detained by the defendant at Pittsburgh, where he resided, to answer the debts against her. At midsummer, she was sold by the sheriff for $900, to satisfy a debt of one-third the amount. The seizing creditor, who had procured an equitable assignment of the debt at the defendant's instigation, was the purchaser; and the defendant subsequently obtained three-eighths of the ownership from a purchaser at second-hand. The former stockholders, whose agent he had been, resided in Greene county; and he declined to give them notice of the situation of their property, because, as he said, he had paid out too much money, and would rather see the boat sunk than be bothered any longer. In casual conversation with another stockholder, he had said that the sale would take place unless money were furnished to pay the debts, and that there were earnings enough for the purpose in the plaintiff's hands—a fact which is denied. After the sale and suit brought, the defendant professed a willingness to do right towards all his principals but the plaintiff, who, he said, should never have a dollar. What he thought would be right, as explained by himself, was to settle with them for the boat at half the original cost. From these facts, the jury might have inferred that he had put the property in jeopardy to obtain an interest in it on better terms; and it was an error to put that question out of view by taking the decision of the cause to the court. But not unnecessarily to impute to him positive misfeasance, how stands the case on the ground of negligence?

It is an agent's imperative duty to give his principal timely notice of every fact or circumstance which may make it necessary for him to take measures for his security, (*Paley* 38; *Beawes* 39); and had notice been given in this instance, it is not to be credited that the owners, or the plaintiff singly, would have suffered a boat which cost $8000, to be sacrificed for less than the twentieth part of the sum. The case is too glaring to admit of doubt. But even if there had been a doubt, it ought to have been submitted to the

[Devall v. Burbridge.]

jury, with a direction to find for the defendant only on being convinced that notice would have been unavailing. It was not his business to judge for others ; and by omitting to apprize the plaintiffs of the crisis, he took on himself all but the unavoidable losses which were incident to it. Nor is his neglect of his agency to be excused because it had become troublesome. He had voluntarily accepted it, if he had not solicited it ; and if, to use his own phrase, he did not want to be bothered with it, his course was to settle his accounts and resign it : not to abandon it. Such is the rule of the common law ; and, for breaking it, the defendant is chargeable with a dereliction of duty.

There may also have been error in rejecting the evidence which is the subject of one of the bills of exceptions. Evidence of the boat's earnings during the defendant's agency, would be competent in disproof of the alleged necessity of the sale; but without a full account of both her earnings and expenditures, it would be altogether inconclusive. Whether the evidence related to that period, we are not informed, and we cannot say that it was erroneously rejected; but the cause ought certainly not to have been taken from the jury, or decided, on the uncontroverted facts, in favour of the defendant.

Judgment reversed, and a <em>venire de novo</em> awarded.