# Fulton v. Walters, Appellant.

*Principal and agent—Sale—Fraud—Concealment—Serving two masters.*
An agent to sell cannot be an agent to buy. It matters not that there was no fraud meditated, it is against the policy of the law that such artifice should be successful. The ground on which the disqualification rests is no other than that principle which dictates that a man cannot be both judge and party. A man cannot serve two masters.

Where an agent for the sale of land is to receive as his compensation all above a minimum sum per acre and a fixed sum in addition, and the agent sells the land for an amount above the minimum, but conceals that fact and reports to the principal that he had sold it at the minimum, he will not be entitled to recover the additional fixed sum agreed upon.

Argued April 17, 1905. Appeal, No. 1, April T., 1905, by defendant, from judgment of C. P. Fayette Co., Dec. T., 1900, No. 253, on verdict for plaintiff in case of E. D. Fulton v. Allen S. Walters. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for services in selling land. Before REP-PERT, P. J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $556.25. Defendant appealed.

*Error assigned* was in not entering judgment for defendant on the question of law reserved.

*H. L. Robinson*, of *Robinson & McKean*, for appellant, cited: Everhart v. Searle, 71 Pa. 256 ; Rice v. Davis, 136 Pa. 439 ; Wilkinson v. McCullough, 196 Pa. 205.

270    FULTON v. WALTERS, Appellant.

A. D. Boyd, for appellee.

OPINION BY ORLADY, J., July 13, 1905:

This action was brought by E. D. Fulton to recover from A. S. Walters, the sum of $500 for services rendered by Fulton in negotiating the sale of a tract of land in Fayette county. Part of the land was owned outright by Walters, the remainder he controlled under an option. The plaintiff alleged that the contract was, that he should have all that he could sell for over $275 per acre, and in addition to that he was to receive $500 from Walters for securing a purchaser. Walters denied ever having offered or agreed to pay the $500 for the finding of a purchaser, but did not deny the other phase of the agreement. It was clearly. established that Fulton was acting as the. agent of Walters in the transaction and that he eventually sold the land at $287.50 per acre, from which it conclusively follows that it was his duty under the law to disclose to Walters all the facts affecting his interests. While he was entitled, under his contract, to the excess over $275. per acre it was yet the right of Walters to be advised of the net price for which the land was to be sold, for conditions might have developed so as to have warranted Walters in electing to retain the land and pay to Fulton the difference between $275 and the selling price. Fulton returned the sale as having been made at $275 per acre, deliberately concealing from the owner that he and one Martin were acting together to secure the larger price and divide the difference between them. His entire service was due to Walters and when he admitted that he was receiving pay from another source, his allegiance was divided and his right to recover from Walters ceased.

The sale at $12.50 per acre in excess of the $275 which was for Fulton and Martin, was on their own showing independent of any arrangement between Fulton and Walters. It had nothing to do with the consideration passing to Walters, but was paid to Martin and Fulton by the purchaser. The right to recover the $500, the amount in controversy in this case, depends upon the same facts and is subject to the same rules of law as the first branch. of the transaction, which, however, has been closed by the receipt of the $275 per acre. The application of the law to the facts as established by the plaintiff,

requires the reversal of the judgment on the ground, that the contract being an entire one, the plaintiff, while acting as the agent of Walters, not only did not disclose all the facts in the case which Walters was entitled to know, but intentionally withheld important facts from his principal. It has been stated in numerous cases that an agent to sell cannot become an agent to buy. It matters not that there was no fraud meditated, it is against the policy of the law that such artifice should be successful. The ground on which the disqualification rests is no other than that principle which dictates that a man cannot be both judge and party. A man cannot serve two masters: Everhart v. Searle, 71 Pa. 256; Wilkinson v. McCullough, 196 Pa. 205.

Walters had a right to repose special trust and confidence in his agent, Fulton, who, under all decisions owed his principal the utmost good faith, and such faith required him to keep Walters fully apprised of every fact and circumstance relating to the business or to his interests. No broker, agent or middleman can recover for services which uncover double dealings, or secret dealings with one of the principals. By whatever name the confidential relation is known, perfect good faith must be shown to warrant a recovery for services: De Armit v. Milnor, 20 Pa. Superior Ct. 369; Linderman v. McKenna, 20 Pa. Superior Ct. 409; Lease v. Christy, filed this day, post, 507.

The rules of law under consideration are intended to be preventative of the possibility of wrong rather than remedial of actual wrong, and should be rigidly enforced unless it should clearly appear that the parties, for whose protection they were intended, have with full knowledge of all circumstances agreed to waive their rights thereunder: Rice v. Davis, 136 Pa. 439. Measured by these standards the testimony of the plaintiff discloses such a lack of candor and frankness on his part in not advising his principal of all material facts in the case, that it constitutes an insuperable bar to his right to recover.

The judgment is reversed and judgment is now entered in favor of the defendant.