# Lease *v.* Christy, Appellant.

*Principal and agent—Real estate—Commissions—Fraud.*

Where an agent for the sale of real estate before the details of the sale are fully arranged between himself and his principal, and before the amount of his own commissions are determined, makes a sale of the land in question, and prepares a written agreement which he procures the purchaser to sign, and when his principal refuses to sign it, and repudiates the whole arrangement, signs it himself as agent and places it on record, thus annoying his principal and placing a cloud on his title, the agent is guilty of such unfaithful conduct as to deprive him of all right to compensation.

Argued May 8, 1905. Appeal, No. 15, April T., 1905, by defendant, from judgment of C. P. Armstrong Co., Dec. T., 1902, No. 215, on verdict for plaintiff in case of L. S. Lease v. J. R. Christy. Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for commissions for sale of real estate. Before PATTON, P. J.

The opinion of the Superior court states the facts of the case.

*Error assigned* was (5) refusal of binding instructions for defendant.

*W. J. Christy,* of *McCain & Christy,* and *M. F. Leason,* for appellant, cited : Carter v. Moss, 210 Pa. 612 ; Pratt v. Patterson, 7 Phila. 135 ; Jaekel v. Caldwell, 156 Pa. 266 ; Linderman v. McKenna, 20 Pa. Superior Ct. 409 ; DeArmit v. Milnor, 20 Pa. Superior Ct. 369 ; Gordon v. Bulkeley, 14 S. & R. 331.

*Samuel H. McCain,* with him *Calvin Rayburn,* for appellee, cited: Carter v. Moss, 210 Pa. 612; Ritchie Co. v. Albion Mfg. Co., 173 Pa. 447 ; Edwards v. Goldsmith, 16 Pa. 43 ; Longstreth v. Long, 6 Phila. 179 ; Potts v. Aechternacht, 93 Pa. 138 ; Masterson v. Masterson, 121 Pa. 605.

OPINION BY ORLADY, J., July 13, 1905:

This suit was brought to recover $125 with interest as a commission which the plaintiff claimed for negotiating a sale of certain real estate owned by the defendant. The material

facts are not disputed and the effect to be given to them may be disposed of in considering the assignment of error to the court's refusal to affirm the defendant's third point, which is as follows : " Under all the evidence in this case, the plaintiff is not entitled to recover, and the verdict should be in favor of the defendant." This was refused by the court below with a reference to an explanation given in the general charge.

The defendant is the owner of a farm of seventy acres in Armstrong county, and after certain preliminary interviews in which the plaintiff requested that he be given authority to negotiate the sale of the farm for the defendant he addressed him as follows :

"L. S, Lease & Co., Gentlemen : My price on farm in Bethel Township, Armstrong County, containing seventy acres, is $2500.00. If you want any particulars, will be pleased to answer any questions you may ask. Yours truly, Jeff. R. Christy. Ford City, Pa."

Several letters were exchanged between the parties in which the plaintiff urged a sale at $1,800, and at $2,000, as the best price he could secure, and on August 20, 1902, the plaintiff wrote the defendant as follows :

" In regard to your farm, the man will not pay more than $2000 for it. I will now try to see whether I can sell it to Lewin ; probably I can get him to buy it at $2500. I will take him over the land soon, and will see what he will say in regard to buying. As he has got a large tract of land now, I do not know that I can get him to buy any more now or not."

On August 22, the defendant answered as follows : " Your favor of August 20 to hand. You need make no offer to sell my land as I will positively not take less than $2500.00 net. If you make sale of it, do it so as to make your commission off the buyer."

The plaintiff is a licensed real estate broker of large experience, and there can be no question of the relation existing between the plaintiff and defendant, being that of principal and agent. Whatever of doubt there might be as to the conduct of the plaintiff toward his principal in earlier negotiations, it is relieved of all uncertainty by his actions following August 20, 1902.

The only authority in writing is that disclosed in the letters

quoted, and when it became apparent that Christy had not fully concluded to sell on the terms indicated by Lease, he then attempted to force a conclusion on Christy by entering into an agreement in writing on August 21 (after having stated on August 20, that he would take Lewin, a prospective purchaser, over the land soon, and see what he would say in regard to it) with A. L. Lewin at Pittsburg, of the first part and Jeff. Christy, this defendant, of the second part, agreeing to convey by good title, clear of incumbrance (except a gas lease then in force) the seventy acres owned by Christy, for. the sum $2,500, in payments of $100, as hand money, $900 before October 31, 1902 and the balance of $1,500 to be secured by first mortgage at six per cent interest for three years, with privilege to pay all or part at any time and containing covenants in regard to the payment of taxes, maintaining insurance, delivery of possession and other matter which reasonably would require a conference with the principal, and had it signed and sealed by A. L. Lewin.

By a letter which bears date of August 22, but which by the uncontradicted evidence, was not mailed until August 27, and was received by the defendant the 28th inst. the plaintiff gave notice of a sale to Lewin and the terms, with the statement, " I expect my commission of 5% whether you let it go now or not, as I sold it at your former price and have completed my contract in the matter of making the sale." When the agreement, signed and sealed by Lewin, was submitted to Christy he refused to sign it, or accept its terms, and then repudiated the whole transaction, whereupon the plaintiff, on September 11, signed the agreement " L. S. Lease, Agent for Jeff. R. Christy, Seal," and made an affidavit as a subscribing witness, attesting the genuineness of the signature of A. L. Lewin, and then placed the agreement upon record.

The authorities in Pennsylvania are uniform in determining the continuing duty of an agent who negotiates the sale of real estate. During the existence of that relation, the agent is bound to exercise the utmost good faith toward the principal, and to exert his skill for the benefit of the principal. The failure to discharge the duty of such employment, deprives the agent of any right to commissions for procuring a buyer. See DeArmit v. Milnor, 20 Pa. Superior Ct. 369 ; Linderman v.

McKenna, 20 Pa. Superior Ct. 409; authorities therein cited: Fulton v. Walters filed this day.

Assuming that all the authority claimed by Lease had been delegated to him by Christy, he was yet a substitute or deputy appointed by Christy, with power to do the things which the principal might or could do. Christy was inviting further consultation; the terms of the sale were not given; when possession was to be delivered was not stated; nor was the amount or liability for commissions fixed. The transaction lacked a number of details which required inquiry and agreement between the parties in order to carry the transaction to an ultimate sale.

The paramount and vital principle of all agencies is good faith, for without it, the relation of principal and agent could not well exist. So sedulously is this principle guarded that all departures from it are esteemed fraud. Under the confidence thus bestowed, the law will not allow an agent to put himself in a position antagonistic to his principal, or to speculate on the object of the agency.

While the law required that Lease should make full and fair disclosure of all facts and circumstances, within his knowledge; and while knowing that the whole transaction had been repudiated by Christy; in direct violation of the will and interest of his principal, he veered in his allegiance and became the agent of the purchaser to strengthen his claim to the title of the land of Christy by signing and sealing the name of Christy to the unauthorized agreement with Lewin, and placed this agreement upon record, to be a cloud on the title of his principal and a source of annoyance and expense to him. Such manifest and designed a violation of duty can find no support in any case in our state: Devall v. Burbridge, 4 W. & S. 305; Brown v. Arrott, 6 W. & S. 402; Arrott v. Brown, 6 Whart. 9; Gordon v. Bulkeley, 14 S. & R. 331; Clark v. Bank of Wheeling, 17 Pa. 322; Persch v. Quiggle, 57 Pa. 247.

Applying the principle of the foregoing cases to the undisputed facts of this one, the third point presented by the defendant, should have been unqualifiedly affirmed.

The fifth assignment of error is sustained and the judgment is reversed.