# Shamokin Manufacturing Company *v.* Ohio German Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Invalid contract—Two masters—Corporation.*

In an action on a policy of insurance an affidavit is sufficient to prevent judgment when it avers that the local agent of an insurance company, whose duty it was to solicit insurance, and countersign and deliver policies, issued such a policy to a corporation of which he was a stockholder and general officer, without any knowledge on the part of his principal of the fact of his interest in the insured property. Such a transaction invites the application of the general rule that it is against public policy for a man to serve two masters at the same time and the burden is on the plaintiff to show, if he can, a state of facts which would prevent the application to his case, of the general rule.

Argued Oct. 27, 1908. Appeal, No. 22, Oct. T., 1908, by defendant, from order of C. P. Northumberland Co., Dec. T., 1907, No. 69, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Shamokin Manufacturing Company v. The Ohio German Fire Insurance Company of Toledo, Ohio. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit on a policy of fire insurance.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Arthur S. Arnold*, with him *C. F. Shipman*, for appellant.—
The contract was against the policy of the law and invalid:
Arispe Mercantile Co. v. Ins. Co., 133 Iowa, 272 (110 N. W. Repr. 593); Greenwood Ice & Coal Co. v. Ins. Co., 72 Miss. 46 (17 So. Repr. 83); Ritt v. Ins. Co., 41 Barb. (N. Y.) 353; Utica Ins. Co. v. Toledo Ins. Co., 17 Barb. 132; New York Central Ins. Co. v. Protection Co., 20 Barb. 468; Empire State Ins. Co. v. Ins. Co., 138 N. Y. 446 (34 N. E. Repr. 200); Wildberger v. Fire

Ins. Co., 28 L. R. A. 220; Glen Falls Ins. Co. v. Hopkins, 16 Ill. App. 220; Everhart v. Searle, 71 Pa. 256.

*W. H. Unger*, with him *W. L. Snyder*, for appellee.—The mere fact that the agent through whom the insurance is procured has previously been the agent of the insured for some other purpose with relation to the property does not make void the insurance: British American Assurance Co. v. Cooper, 26 Colo. 452 (58 Pac. Repr. 592); People's Ins. Co. v. Paddon, 8 Ill. App. 447; Phœnix Ins. Co. v. Hamilton, 110 Ga. 14 (35 S. E. Repr. 305); Smith & Wallace Co. v. Prussian National Insurance Co., 68 N. J. L. 674 (54 Atl. Repr. 458); Northrup v. Ins. Co., 48 Wis. 420 (4 N. W. Repr. 350); Nolte v. Hulbert, 37 Ohio, 445; British American Assurance Co. v. Cooper, 6 Colo. App. 25 (40 Pac. Repr. 147); Russell v. Fuel Gas Co., 184 Pa. 102; Rice's App., 79 Pa. 168; Fiske v. Assurance Co., 100 Mo. App. 545 (75 S. W. Repr. 382); Kaufman v. Cooper Iron Mining Co., 105 Pa. 537.

OPINION BY HEAD, J., July 14, 1909:

This being an action on a policy of fire insurance, the learned court below, on the plaintiff's motion, made absolute a rule for judgment for want of a sufficient affidavit of defense. In such case, of course, we must accept as established not only every fact properly averred in the affidavit, but also every inference favorable to the defendant which may fairly and justly be drawn from facts so pleaded. The statement of claim avers that the plaintiff was the owner of a certain building situate in the borough of Shamokin, Pa. That on April 3, 1906, the defendant company, through its local agent at Shamokin, A. G. Marr, for a valuable consideration, executed and delivered to it a policy insuring the said building against loss by fire for the period therein stated. That during the life of the policy the insured building was destroyed by fire; that notice of said loss, containing all the information required by the provisions of the policy, was in due time given to the defendant, which nevertheless refused to pay the amount of said loss, etc.

The affidavit of defense averred the fact that A. G. Marr, the

local agent of defendant, whose duty it was to solicit insurance and countersign and deliver policies, was, at the time the said policy was issued, a stockholder in and a general officer of the plaintiff company. That he had never made known to the defendant the fact of his interest in the property insured; that it had not learned, from any source, until after the fire, of the existence of any such relation between him and the plaintiff company, and that it had done nothing to waive its right to assert, or to estop itself from asserting its right to avail itself of the defense which, it alleges, the law entitles it to make under such circumstances. That having no such knowledge, it at no time ratified, or adopted as its own, the action of the agent, Marr, in issuing to a corporation in which he was a stockholder, and of which he was an officer, the policy aforesaid, nor did it in any manner or form assent thereto.

It is further averred that shortly after the issuing of said policy and during its life, its said local agent issued another policy of insurance in the defendant company to certain tenants or lessees of the plaintiff company, occupying a portion of the said building as a manufactory, and that in his daily report to the defendant of said second policy, the said agent falsely declared that the defendant had no other insurance on the premises, or within 100 feet of the same, whereby, without the knowledge of the defendant, and without its consent, it was subjected to a double loss on the same premises, one to the corporation in which its agent was, without its knowledge, interested, and the other in favor of the lessee of that corporation. The defendant therefore averred upon the advice of counsel that it was not liable to the plaintiff, by reason of the policy sued on, because of the facts hereinbefore stated.

It is true there is no averment of the extent of the stock ownership of the insurance agent in the plaintiff company, but it is difficult to see how the defendant could have had the knowledge which would enable it to make an accurate statement on that subject. That would be a matter peculiarly within the knowledge of the defendant and the agent himself.

The affidavit goes further, however, and states that he was one of the general officers of the corporation plaintiff, and at

this stage of the proceedings it would not seem to be an unfair inference, from that fact, that his stock ownership would be substantial in quantity.

Whilst the exact question now presented does not seem to have been directly decided by the appellate courts of this state in any case that has come to our knowledge, the principle of the law and the rule of public policy on which it is founded, upon which the defendant relies, have been many times declared by our courts. In Everhart v. Searle, 71 Pa. 256, the principle is thus broadly stated: "The case before us is rather novel. It involves a question whether the same person may be an agent in a private transaction for both parties, without the consent of both, so as to entitle him to compensation from both or either. We have the authority of Holy Writ for saying that 'no man can serve two masters; for either he will hate the one and love the other, or else he will hold to the one and despise the other.' All human experience sanctions the undoubted truth and purity of this philosophy, and it is received as a cardinal principle in every system of enlightened jurisprudence." In Fulton v. Walters, 28 Pa. Superior Ct. 269, the rule is thus stated: "It has been stated in numerous cases that an agent to sell cannot become an agent to buy. It matters not that there was no fraud meditated, it is against the policy of the law that such artifice should be successful. The ground on which the disqualification rests is no other than that principle which dictates that a man cannot be judge and party."

In many other cases elaborating this principle, it has been held that contracts were void wherein it appeared that one who was acting as agent, making the contract for his principal, was also interested as an individual in the other side of the contract. In arriving at such conclusions, the courts have not deemed it controlling that it should appear that any fraud or injury was actually worked or even intended, but they have rather proceeded on the broad ground that the policy of the law would not permit one who was intrusted with the interests of others, and who owed to them an undivided allegiance, to make the business of his principals an object of interest to himself, because "from the frailty of nature one who has the power will be

too readily seized with the inclination to use the opportunity for serving his own interest at the expense of those for whom he is intrusted."

If, however, we look into the decisions of courts of other jurisdictions, we find abundance of authority applicable to the very question now before us.

In 1 Cooley's Briefs on Insurance, 351, 352, the principle is fully discussed and the authorities generally cited. The following excerpts will show, we think, the general trend of the authorities on the point now in issue. "In view of the principle discussed in the foregoing paragraph and the further principle that an agent cannot, in any matter in which he himself has an adverse interest, bind his principal, is the rule that an agent authorized to accept risks and issue policies cannot approve the risk binding the company, by issuing a policy on his own property. . . . In Ritt v. Washington Marine, etc., Ins. Co., 41 Barb. (N. Y.) 353, it was held that an agent authorized to effect insurance on vessels, procure policies from the company, and deliver them to the insured, has no power to accept an application as agent on property of which he is one of the owners, and if he does so, and fails to disclose his interest to the company, the policy is void. The invalidity of the policy does not rest on the materiality of the relation of the agent to the risk, but because it is against public policy to allow such an agreement to stand. The rule was applied in Greenwood Ice & Coal Co. v. Georgia Home Ins. Co., 72 Miss. 46 (17 So. Repr. 83), where it was held that an insurance policy issued by an agent to a company of which he is a director and officer is invalid. . . . An agent authorized to accept risks and countersign policies cannot accept a risk on property owned by a partnership of which he is a member, and a contract for such insurance, made between him as agent and the other partner, is not binding unless ratified by the company: Glen Falls Ins. Co. v. Hopkins, 16 Ill. App. 220."

Practically speaking, the interest which an insurance agent might have in a partnership might be very much less than the interest which he would have by virtue of his ownership of the stock of a corporation. If the rule would be properly applied in

the former case, why should it be rejected in the latter? Or if it be sound to say that an insurance agent could not counter-sign and deliver to a partnership, of which he was a member, a valid policy of insurance without the consent of his company, on what principle could we hold that if the partnership incor-porated itself, each partner taking stock in the corporation to the extent of his former interest, there would be in fact and law any such change in the conditions as would prevent the appli-cation of the rule? If it were necessary to point out how an insurance company, in a case like the present, might be actually injured, it would be easy to do so. But as we have seen, if this is a case where the rule should be applied, it becomes immaterial to determine whether or not the insurance company had suf-fered or was liable to suffer any actual injury, or whether its agent in the particular transaction acted in good faith or not.

The appellee contends that this case is taken out of the oper-ation of the rule because the affidavit does not aver that it was the duty of Marr, as secretary of the plaintiff company, to ne-gotiate for the insurance, and therefore he cannot be said to have acted in a dual capacity. The answer to this is twofold. It was not within the power of the defendant, from any knowl-edge it possessed, to aver what officer of the plaintiff company conducted the negotiations for the insurance, and the law does not require a defendant to aver that of which he cannot reason-ably have knowledge. But the rule is broader than this. Other-wise, it would be easily evaded. Its application depends on the fact of the adverse interest of the agent of the insurance com-pany in the property insured, and therefore it has been held, in the case of a partnership, as we have seen, that although the application was made by the partner of the insurance agent, the policy was void because of the adverse interest of the agent to that of his principal in the subject-matter of the insurance.

It may be possible that upon a trial of the cause, after the facts are fully developed, it may be made to appear that there is something in this case which would make it an exception to the general rule, and thus exclude the application of the rule. But we think it would be imposing too severe a burden upon the defendant to hold that, in an affidavit of defense, after show-

ing a state of facts which would broadly invite the application of the rule, it must go further and aver all of the facts which would exclude from the case every exception to the general principle. For these reasons we think the learned court below was in error in entering a summary judgment against the defendant and denying to it the right to a trial by jury.

Judgment reversed and a procedendo awarded.

RICE, P. J., dissenting:

The learned judge of the common pleas states in his opinion that it was conceded on argument that there was no fraud connected with plaintiff's claim and that the moral hazard of the risk was first rate. This being so, I am strongly inclined to the opinion that the mere fact that the insurance agent was a stockholder and secretary of the insured company, it not appearing that he acted for the insured company in the transaction, is not sufficient to defeat recovery.

HENDERSON, J., concurs in foregoing.